Order in case number 515-0283. In case of Fournie v. Fournie Contracting Company. Counsel, you may proceed. Good morning. Good morning. May it please the court. This appeal comes out of a 2-619 motion to dismiss by defendants. Plaintiffs are seeking a reversal of the Circuit Court's dismissal with prejudices of the Fourth Amendment Complaint Counts 1-3 and ask the case be remanded back to St. Clair County Court and would leave to amend if necessary. Belville Concrete is a small family-owned business that is in Belville, Illinois. It was incorporated in the state of Delaware. Each of the plaintiffs, the appellants in this case, owned 25% of Belville Concrete's stock, for a total of 50% of the stock. At some point in time, the shareholders began to disagree and the company became deadlocked, with the division being 50-50. James Fournie, one of the defendants and appellees in this case, was president of Belville Concrete. Tarrant Fournie, his wife, was the bookkeeper and the office manager of Belville Concrete. Plaintiffs' theory is that not only did the defendants, the appellees in this case, damage Belville Concrete by their actions, but they also violated an independent fiduciary duty owed directly to the plaintiffs, the appellants in this case, because they were shareholders in a close corporation. On November 1st, 2012, Circuit Court Judge Thomas Lesheen in St. Clair County, he agreed with us, and he found a fiduciary relationship between the plaintiffs and the defendants, and accepted our de facto partnership argument theory, following Hatchonist v. Gaylord. He allowed plaintiffs to pursue a direct cause of action against the defendants for their breach of this fiduciary relationship. Well, eventually, Judge Lesheen had to step aside from this case because of health reasons, and Associate Circuit Court Judge Thomas Colker was assigned to the case. Plaintiffs believe that Delaware law should apply to the internal operations and duties owed by the defendants, because Belville Concrete is a Delaware corporation, and we've extensively briefed that argument for the court. However, for purposes of the argument today, I want to propose that it really doesn't matter for why we're here today whether Illinois or Delaware law applies, because I think the results will be the same under whichever state we apply, and here's why. We believe in our Fourth Amendment complaint that we showed that defendants breached their fiduciary relationship with the plaintiffs, which gives rise to the direct action. Now, Judge Lesheen, in his November 1, 2012, order citing that Hatchonist case, in that case, it was an Illinois corporation. It was not a Delaware corporation. It was also incorporated under the corporation laws, not the close corporation laws of Belville. However, the court said, we're not going to follow the close corporation laws. Instead, we're going to look at the common law theories of a close corporation. What exactly has common law said, and how do we define and identify a close corporation if, in fact, they weren't incorporated under the close corporation laws? Well, they came up with a test, and they said a close corporation arises when the stock is held in a few hands or in a few families, and they say where in it it's not at all or only rarely dealt in by buying or selling. Well, Belville Concrete meets this test. First of all, 100% of Belville Concrete stock was held by the Forney family. Secondly, there was no buying or no selling of the stock, and more importantly, the shareholders elected themselves as the directors and officers that participated in the day-to-day operations. The Hatchonist course that Judge Lesheen relied on also said that the mere fact that a business is run as a corporation rather than a partnership does not shield the business venturers from a fiduciary duty similar to that of true partners. The court then adopted a strict good faith standard of the duty owed between shareholders in a close corporation, and that duty was utmost good faith and loyalty. They went on to say that a shareholder may not act out with avarice, expediency, self-interest, and derogation of this duty of loyalty to the other shareholders and to the corporation. The court found it implicit that people who enter into these small business enterprises place their trust and confidences in each other, and a fiduciary relation exists in all cases in which this confidential relationship has been acquired. Well, then, if we look to a 2012 case that was in the Federal Northern District called Halpern v. Halpern that's in the brief, they also said shareholders in a closely held corporation owe each other fiduciary duties similar to that of partners. The corporation in that case was also an Illinois case. In these circumstances, they said a shareholder can bring a direct action against a co-shareholder even if the damages are all based on the loss of value of the corporation. This exception that was carved out by the Halpern court was the exception to the shareholder standing rule that we're here today arguing about. They said that the exception to the shareholder standing rule arises when the alleged wrongdoing not only harms the corporation, but also violates some duty directly owed to a shareholder. So, following Judge Lisching's guidance and the cases that I've just set forth for you, plaintiffs set out to amend their complaint for the fourth time. If you look at the complaint, paragraph 18 states defendant James Forney owed a duty of care and undivided loyalty and fidelity to the plaintiffs. Paragraph 19 states that Karen Forney owed plaintiffs a duty of her undivided loyalty and fidelity. The rest of the facts in that case set out detailing defendants' misconduct, mismanagement, concealment, theft, and even the formation of a competing company. Now, under section 2619, motion for involuntary dissolution, the defendant came in and asked the court to look outside of the four corners of that complaint and consider a defense that would completely defeat the cause of action. So, I took another look at 619 before I came here just because I get 615 and 619 sometimes mixed up in my head. So, I looked at the nine exceptions with a 619 and I can't for the life of me find out. I can't figure out which one it is. But my best guess is that they argue that the plaintiffs lacked standing to pursue a direct action against the defendants because they did not suffer a direct harm or damages and the damages were only available to the corporation. Well, I am asserting that the court, which would be Judge Colker's court, he failed to look at the independent fiduciary duty that we argue which would have given rise to a direct action by my clients. Shareholders in a closed corporation owe each other a duty of care and loyalty, similar to that to partners. And defendants in this case breached the strict good faith standard owed to the plaintiffs. Plaintiffs assert that whether the court here looks at Delaware law or Illinois law, the standard is going to be the same. And that their fourth amended complaint pled the facts necessary to establish a direct cause of action against the defendants from breach of fiduciary relation and duties owed to the plaintiffs directly because they were shareholders in this closed corporation. We assert that Judge Colker erred when he ignored this duty, this independent duty, declared the counts were derivative in nature, and dismissed our complaint. So I would ask this court that they reverse the finding of the circuit judge and remand it back to St. Clair County. Questions? Thank you. Thank you, Counsel. Thank you, Counsel. Eppley. Good morning. May it please the court. Counsel. The issue before the court, in my view, is a fairly simple one, and that is, is this a derivative cause of action? And if it is, as the trial court determined it was, the case must be dismissed because, as Ms. Patrick pointed out, the plaintiffs were then left standing to bring this case without double concrete. If the court determines that it was wrong and it was a direct action, then certainly the correct course is to allow the case to proceed. When you're talking about the first thing that I'd like to bring up to the court is a lot of the things I just heard argued are argued for the first time. The Hagen – Hagen-Schenes v. Gaylord, I looked through the briefs real quickly. It doesn't appear anywhere in the briefs. The thrust of their argument in the brief was it's wrong. Judge Colbert is wrong, and he's wrong because they applied the wrong standard. They applied Illinois law, which I don't know that he explicitly does, but I think you can read that into the order. But he's wrong because he applied the wrong law and Delaware law applied it. If you look at the brief that the plaintiffs have submitted, it's almost entirely devoted to that. And then the idea that as in, you know, once you take it – once you apply Delaware law, that once you apply Delaware law, then they win. And my position the entire time, which it's interesting because this is the first time I've heard the plaintiffs advance this argument, is it doesn't really matter what law you apply, and I would sort of agree with that because this is a derivative lawsuit. And the reason you – or the tests that you use to make a determination as to whether or not it's derivative or not are very, very, very similar. Delaware, you use a direct harm test, and in Illinois you use a special injury test. And there are books written about this stuff, but basically Delaware says we're following a direct harm test, and then they almost use the exact same language as Illinois. So really it's a distinction without a great deal of difference. And really what you focus on is who suffered the alleged harm. And in Illinois, in order to have a direct claim, you must allege an injury that is separate and distinct from the other shareholders. In other words, you can't say I was injured because the corporation was injured and my injury is related to my proportion of the shares that I own. And in Small v. Sussman, we cited extensively, both in our brief to the trial court and then to this court, the plaintiff alleged that the controlling shareholder conducted corporate waste by paying businesses that the defendant owned an interest in in excessive amounts of corporate funds, almost identical to what they're alleging here. They're alleging corporate waste and self-dealing on the part of the plaintiff. And almost all of these derivative causes of action are going to be exactly the same because in a derivative cause of action, of course, what you're doing is you're forcing the corporation to act where they would not act without you. And why would the corporation not act? Well, because one of their higher-ups, who you are alleging stole money or diverted funds or acted in his or her own best interest, the minority shareholder says that, and the corporation, of course, says, no, we didn't, and I'm not going to do anything. I'm not going to sue myself, basically. That's why all this derivative stuff exists. It's why it works. And it's exactly why this case is a derivative lawsuit. You look at the damages that they allege, and it's almost exclusively defendant took money from Belleville Concrete, and they fashion it. I'm simplifying it, and they fashion it in a number of ways. Defendant took corporate opportunities from Belleville Concrete. Defendant took corporate goodwill from Belleville Concrete. Every single damage, and if you look at Judge Coker's order, he sets out, he says, these are all corporate damages. And if they're all corporate damages under either the Delaware direct harm test or the Illinois special entry test, there can be no question that those state a derivative cause of action. If you have a derivative cause of action, the corporation is actually the party in interest. They must be joined. They are an indispensable party. If they were not, it's too late now, and that's the reason the case was dismissed. Excuse me. As far as as far as these exceptions to the general rule, I think you'll find in. In the briefs, there is almost no reference to any of these exceptions. They're saying that the brief, the appellate brief almost exclusively talks about this Stevenoff case from Delaware. It wasn't even brought up this morning. We briefed it. We put it out there. I don't want to regurgitate it and repeat myself, but they relied heavily on the Stevenoff Delaware case. It was a nonpublished or nonreported case from Delaware. And in that case, there was a motion for summary judgment, and the court didn't say there is you can file a direct cause of action. What they said was defendant filed a motion of summary judgment, and they filed a one line motion for summary judgment. And the judge said there's not sufficient information in this brief for me to grant it and summarily decide this case. A lot of the cases that they cite, and again, there's only a couple of them in the brief, almost universally are dealing with very dispositive motions where, you know, there's a paucity of the record. And the court is not willing to just summarily get rid of it without more information. And I think I'm about to wrap up here because I honestly sort of expected an argument about Delaware law versus Illinois law. And on that, you know, I think the brief is pretty clear. I think the things that we talk about in the brief is pretty clear. But Illinois law applies, and the reason why and the reason why the case needs to be dismissed, they're exactly the same reasons. And that is there is no Delaware part of it. I agree that Belleville Concrete is a Delaware corporation. I also agree with everybody in this room, presumably, that Belleville Concrete is not a party to this litigation and has never been. So the crux of the argument, at least in the brief, is Delaware law applies to a case involving two plaintiffs who are Illinois residents, a defendant who's an Illinois resident, another defendant who's an Illinois resident, and an Illinois corporation. And the cases that are cited are all cases which involve a Delaware corporation asserting its right in Illinois court against, you know, a board member or a president. So, again, I think Illinois law applies. I don't know that it makes a huge difference one way or the other because this is, in my view, the textbook definition of a derivative lawsuit. And once we make that determination, if you find that, as Judge Coker did, this is a derivative cause of action, then the claim has to fail because they lack standing. Thank you. Anybody have any questions? Okay. Thank you. Thank you, counsel. Rebuttal? Just a quick one. I think in the reply brief we did argue that the Illinois-Delaware distinction and the hacktionist case is on page 37 of the appendix that I gave you. However, if this was a corporation case and we were arguing corporation law, we could probably say it was derivative because we don't have a fiduciary relationship in that case. They're shareholders. They're governed by a whole different set of standards, business judgment rule, et cetera. However, that's not the case here. The case here, it's a close family corporation. They had confidences in each other and trust. They owe duties to each other, duties of loyalty, duties of care. They have this fiduciary and confidential relationship amongst one another. And that's where the courts bring in the de facto partnership theory that Judge LaChine relied on in order to allow us to bring a direct action in this case. Thank you. Thank you, counsel. The court will take this matter under advisement and issue a statement before what will be a recess program.